United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 11-17743-elf
Leslie A. Spalding                                                  Chapter 13
Jennifer E. Haynes
          Debtors

## CERTIFICATE OF NOTICE

District/off: 0313-2        User: PaulP        Page 1 of 2        Date Rcvd: Jun 28, 2017
                           Form ID: 3180W      Total Noticed: 19


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 30, 2017.
db/jdb    +Leslie A. Spalding,   Jennifer E. Haynes,   1801 Georges Lane,   Philadelphia, PA 19131-3216
13803457  +FMM Bushnell, LLC,   3144 S. Winton Road,   Rochester, NY 14623-2932
12618902  +Ginny's,   c/o Creditors Bankruptcy Service,   P.O. Box 740933,   Dallas, TX 75374-0933
12618453  +Monroe & Main,   c/o Creditors Bankruptcy Service,   P.O. Box 740933,   Dallas, TX 75374-0933
12569875  +North Star Capital Acquisition,   170 Northpointe Pkwy,   Suite 300,   Amherst, NY 14228-1992

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg        E-mail/Text: bankruptcy@phila.gov Jun 29 2017 00:56:53   City of Philadelphia,
            City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
            Philadelphia, PA  19102-1595
smg        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 29 2017 00:56:38
            Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
            Harrisburg, PA  17128-0946
smg       +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 29 2017 00:56:43   U.S. Attorney Office,
            c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
12600537  +EDI: ACCE.COM Jun 29 2017 00:53:00   ASSET ACCEPTANCE LLC,   PO BOX 2036,
            WARREN MI 48090-2036
12565470  +EDI: AFNIRECOVERY.COM Jun 29 2017 00:53:00   Afni, Inc.,   PO Box 3667,
            Bloomington, IL 61702-3667
12672606  +E-mail/Text: bankruptcy@phila.gov Jun 29 2017 00:56:53   City of Philadelphia Law Department,
            School District of Philadelphia,   1515 Arch Street 15th Fl Tax Unit,
            Philadelphia PA 19102-1501
13028764   EDI: AIS.COM Jun 29 2017 00:53:00   Midland Funding LLC,   by American InfoSource LP as agent,
            Attn: Department 1,   PO Box 4457,   Houston, TX  77210-4457
12933966   EDI: AIS.COM Jun 29 2017 00:53:00   Midland Funding LLC,   by American InfoSource LP as agent,
            PO Box 4457,   Houston, TX  77210-4457
12628928  +E-mail/Text: bankruptcygroup@peco-energy.com Jun 29 2017 00:56:29   PECO Energy Company,
            c/o Merrick Friel,   2301 Market Street, S23-1,   Philadelphia, PA 19103-1380
12602491   EDI: PRA.COM Jun 29 2017 00:53:00   Portfolio Recovery Associates, LLC,   PO Box 41067,
            Norfolk VA 23541
12666497  +E-mail/Text: equiles@philapark.org Jun 29 2017 00:56:57   Philadelphia Parking Authority,
            3101 Market Street 2nd floor,   Philadelphia, PA 19104-2806
12632205   EDI: Q3G.COM Jun 29 2017 00:53:00   Quantum3 Group LLC as agent for,   GC III LLC,
            PO Box 788,   Kirkland, WA  98083-0788
12572725   EDI: TFSR.COM Jun 29 2017 00:53:00   Toyota Motor Credit Corporation (TMCC),   PO Box 9490,
            Cedar Rapids, Iowa 52409-9490
12577041   EDI: Q3G.COM Jun 29 2017 00:53:00   World Financial Network National Bank,
            Quantum3 Group LLC,   PO Box 788,   Kirkland, WA  98083-0788
                                                                               TOTAL: 14


          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13028765*  Midland Funding LLC,   by American InfoSource LP as agent,   Attn: Department 1,   PO Box 4457,
            Houston, TX  77210-4457
                                                                      TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 30, 2017                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 28, 2017 at the address(es) listed below:
          ANN E. SWARTZ   on behalf of Creditor   The Patriot Group LLC ecfmail@mwc-law.com,
          ecfmail@mwc-law.com
          BRIAN H. SMITH   on behalf of Creditor   ACM Patriot LN IV B, LLC BHS@JSDC.COM,
          cmb@jsdc.com;cls@jsdc.com;eaf@jsdc.com

```
District/off: 0313-2          User: PaulP             Page 2 of 2              Date Rcvd: Jun 28, 2017
                             Form ID: 3180W           Total Noticed: 19
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
```
         JOSHUA ISAAC GOLDMAN    on behalf of Creditor    The Patriot Group LLC bkgroup@kmllawgroup.com,
           bkgroup@kmllawgroup.com
         PAMELA ELCHERT THURMOND    on behalf of Creditor    City of Philadelphia pamela.thurmond@phila.gov,
           james.feighan@phila.gov
         THOMAS I. PULEO    on behalf of Creditor    ACM Patriot LN IV B LLC tpuleo@kmllawgroup.com,
           bkgroup@kmllawgroup.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
         VALERIE A. HIBBERT    on behalf of Joint Debtor Jennifer E. Haynes vah963@gmail.com
         VALERIE A. HIBBERT    on behalf of Debtor Leslie A. Spalding vah963@gmail.com
         WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
           philaecf@gmail.com
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
         WILLIAM EDWARD CRAIG    on behalf of Creditor    Toyota Motor Credit Corporation
           ecfmail@mortoncraig.com,  mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                              TOTAL: 11
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Leslie A. Spalding** | Social Security number or ITIN   **xxx–xx–1638** |
| | First Name    Middle Name    Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Jennifer E. Haynes** | Social Security number or ITIN   **xxx–xx–0942** |
| | First Name    Middle Name    Last Name | EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Eastern District of Pennsylvania** | | |
| Case number:   **11–17743–elf** | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Leslie A. Spalding                          Jennifer E. Haynes

<u>6/28/17</u>                              **By the court:**   <u>Eric L. Frank</u>
                                              United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

## Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**